UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-61295-CIV-DIMITROULEAS/HUNT

ELIZABETH ADDERLEY,

      Plaintiff,

vs.

PREFERRED PRIMARY CARE ASSOCIATES LLC,
NESREEN KURTOM, and WAEL EL-SHARIF,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. 216(B), ECF No. 18. The Honorable William P. Dimitrouleas referred this Motion to the undersigned for a report and recommendation. ECF No. 19; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Upon thorough review of the record and the Motion, Response, and Reply, the undersigned hereby RECOMMENDS Plaintiff's motion be GRANTED IN PART AND DENIED IN PART as set forth below.

### BACKGROUND

In her complaint, Plaintiff alleged one count for relief under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216(b), contending Defendants failed to pay Plaintiff full and proper overtime wages and Defendants knowingly and willfully refused to pay Plaintiff's legally entitled wages. ECF No. 1. Pursuant to Rule 68 of F.R.C.P., Plaintiff moved for entry of judgment and acceptance of Defendants' Offer of Judgment, in the amount of $3,257.14. ECF No. 11. The Court entered judgment in favor of Plaintiff in the

amount of $3,257.14.  ECF No. 12.  Pursuant to 29 U.S.C. 261(B), Plaintiff now seeks an award of $4,880.00 in attorney's fees.  ECF No. 18.

## ANALYSIS

As an initial matter, it is undisputed that Plaintiff is entitled to reasonable attorney's fees and costs.  It is well settled that a prevailing FLSA plaintiff is entitled to recover attorney's fees and costs based upon the language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008).  In the instant case, Plaintiff is the prevailing party under the FLSA statute and is entitled to recover reasonable attorney's fees.  Defendants responded to Plaintiff's motion and contest Plaintiff's entitlement to fees incurred after Defendants attempted to resolve the matter in full.  ECF No. 21.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. House. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotations omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

A. <u>Attorney's Fees</u>

1. <u>Reasonable Hourly Rate</u>

Plaintiff seeks attorney's fees based upon professional services rendered. Plaintiff requests an hourly rate of $400 for counsel for 12.2 total hours of work. ECF No. 18. When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee;

3

> (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Meyrowitz v. Brendel*, 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations and citations omitted). Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011), *subsequently aff'd*, 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered the attorney's affidavit and the twelve factors. Because of his practice, reputation, and legal experience, counsel requests the following hourly rate:

- Elliot Kozolchyk, counsel in this case and the sole shareholder of Koz Law, P.A. with over 14 years of experience, asks for $400 per hour for 12.2 hours.

ECF. No. 18. In support of his requested hourly rate, Plaintiff's counsel provides multiple cases from this district in which he was awarded $400 per hour. ECF No. 18.

After the undersigned's order requiring notice of previously awarded fees and costs, ECF No. 27, Plaintiff's counsel provided relevant, uncontested fee awards which

4

indicate his proposed rate meets the rates previously awarded in the Southern District. ECF No. 28. Mr. Kozolchyk has over fourteen years of experience in relevant labor and employment law including FLSA, ECF No. 18, and has received rates between $375 and $400 per hour, five and seven times respectively. ECF No. 28. The undersigned has previously recommended an award of $400 per hour and recommends Mr. Kozolchyk receive the same rate here.

   2.  Hours Reasonably Expended

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted) (emphasis omitted). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

"If the court concluded that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F.App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

5

Plaintiff's counsel seeks compensation for 12.2 hours and provided a billing statement reflecting a 10.9% discount applied by Plaintiff's counsel. ECF No. 18. This discount is reflected in the total amount of fees sought—Plaintiff's counsel incurred $5,480.00 in fees, but following the 10.9% discount, seeks an award of $4,880.00. *Id.* Defendants contend Plaintiff's counsel billed for hours that were not reasonably incurred, including: (1) time spent litigating fees, (2) non-recoverable clerical work, and (3) excessive or unnecessary work. ECF No. 21.

Defendants claim Plaintiff's counsel should not recover time spent litigating fees because "the time incurred was not reasonable" and suggest "the resulting fees should not be awarded." ECF No. 21. Defendants, however, fail to specify what fees or time should not be awarded. *Id.* Defendants also claim Plaintiff's counsel improperly billed for 1.2 hours of clerical work, a category which is unrecoverable. *Id.* These time entries relate to "review of the Court's paperless orders, electronic notices, and e-mails transmitting documents." *Id.* at p. 16. Defendants argue the filings are purely administrative and not recoverable.

"It is well established that clerical work such as coordinating schedules and housekeeping matters are not to be included in an attorney's fee award, even if an attorney conducted those tasks." *Gonzalez v. Yoblendz Int'l, LLC*, No. 15-61678-CIV-COHN/SELTZER, 2016 WL 9225573, at *1 (S.D. Fla. June 20, 2016). This Court has previously denied counsel was entitled to collect 1.8 hours of legal fees for work that consisted of coordinating schedules, basic communications and procedural matters usually performed by legal assistants not lawyers. *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1311 (S.D. Fla. 2009) (denying attorney's fees for specific hours billed by

6

a paralegal).  The Southern District has consistently drawn a distinction between work which is traditionally performed by an attorney, or a paralegal on an attorney's behalf, and "clerical work, [such as] compilation of facts and statistics and other work which can often be accomplished by non-lawyers."  *Khatabi v. Car Auto Holdings, LLC*, No. 21-20458-CIV-TORRES, 2025 WL 1546514, at *8 (S.D. Fla. May 30, 2025) (quoting *Williams*, 657 F. Supp. 2d at 1311).

Here, Plaintiff's counsel billed 1.2 hours for clerical work, including researching a defendant's residential address for service, emailing and coordinating with a process server, reviewing emails that attached affidavits and invoices related to service, and drafting emails that transmitted documents to opposing counsel.  ECF No. 21.  These tasks fall into the clerical work category as they did not require the expertise of a lawyer.  Therefore, the undersigned excludes 1.2 hours of clerical tasks from Plaintiff's fee award.

Defendants also claim Plaintiff's counsel improperly billed 9.5 hours for excessive and unnecessary work, specifically, work that was repetitive and form intensive.  ECF No. 21 at 17–20.  Defendants suggest a 3.6 hour, or approximately 40%, reduction in those billed hours.  ECF No. 21.  Courts routinely find that "adjustments to . . . attorney hours are warranted [if] the time sought is 'excessive, redundant or otherwise unnecessary.'"  *Nat'l All. for Accessability, Inc. v. Hull Storey Retail Grp., LLC*, No. 3:10-CV-778-J-34JBT, 2012 WL 3853520, at *5 (M.D. Fla. June 28, 2012), *report and recommendation adopted*, No. 3:10-CV-778-J-34JBT, 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012).  Upon the undersigned's review of the time submissions, no further reduction is recommended.

Plaintiff's counsel billed a total of 12.2 hours. The undersigned finds Plaintiff's counsel billed for 1.2 hours of clerical work and therefore cuts such from the total. Accordingly, Plaintiff's counsel is awarded for 11 hours of work.

### 3. Lodestar Amount and Adjustment

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiff should be awarded for 11 hours of work by one partner, at a rate of $400 per hour. Considering the previously-applied discount, with which this Court agrees, gives a straightforward calculation of 11 hours by $400 per hour, for a total award amount of $4,400.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS Plaintiff's Verified Motion for Attorney's Fees Pursuant to 29 U.S.C. 216(B), ECF No. 18, be GRANTED IN PART to the extent that Plaintiff be awarded attorney's fees in the amount of $4,400. The Motion should be otherwise DENIED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see Thomas v. Arn, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 25th day of August 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record